EDWARD T. NOONAN

*v.*

THE PEOPLE *ex rel.* John J. Hanberg, County Treasurer.

*Opinion filed April 17, 1906—Rehearing denied June 13, 1906.*

1. SPECIAL ASSESSMENTS—*unauthorized order of court recalling warrant does not affect the warrant.* An order of the county court recalling a warrant as to certain property until the further order of the court is a nullity, where the proceedings have not been abandoned nor the judgment vacated or materially modified, and does not affect the validity of the warrant nor deprive the court of jurisdiction to render judgment of sale when the warrant is again returned delinquent.

2. SAME—*sufficiency of engineer's estimate cannot be questioned on application for sale.* The sufficiency of the engineer's estimate of the cost of a proposed local improvement cannot be attacked upon application for judgment and order of sale.

3. SAME—*clerk's memorandum on warrant does not affect validity of judgment.* A memorandum placed by the clerk upon the warrant to show what property had been sold for taxes after the assessment was confirmed, together with the name of the purchaser, does not affect the validity of the judgment of confirmation and furnishes no defense to an application for judgment and order of sale.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

WILLIAM J. DONLIN, for appellant.

CHARLES H. MITCHELL, and FRANK JOHNSTON, Jr., (JAMES HAMILTON LEWIS, Corporation Counsel, and ROBERT REDFIELD, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

At the June term, 1905, of the county court of Cook county the county collector made application for judgment and order of sale against appellant's property for a delinquent special assessment, payable in one installment, levied for the construction of a cement sidewalk on Colorado avenue from South Forty-second street to South Homan avenue, in the city of Chicago. Objections were filed to the application, which were overruled by the court and judgment entered as prayed. To reverse this judgment an appeal has been prosecuted to this court.

After the special assessment had been confirmed a warrant was issued to the city collector for the collection of the amount due. Appellant failed to make payment, and at the June term, 1904, application was made for judgment and order of sale. It is claimed by appellant that upon this application the county court entered an order recalling the warrant as to certain lots and lands enumerated in a certain schedule attached to the application for judgment, and directed the county collector not to make sale of the premises therein described until the further order of the court; that no new warrant was issued nor any order of the court made with reference to further proceedings in the case, and for this reason the warrant recalled in 1904 could not be made the basis for an application for judgment in 1905; that the warrant, after its recall, became *functus officio,* and that until a new warrant was issued there was no authority upon which to collect the assessment or apply for judgment.

Section 61 of chapter 24 (Hurd's Stat. 1903, p. 405,) provides that the court shall have power to recall such warrant as to all or any part of the property affected, at any time before payment or sale, in case the proceedings be aban-

doned by the petitioner or the judgment be vacated or modified in a material respect, as previously provided, but not otherwise. It is not claimed in this case that the proceedings were abandoned by the petitioner or that the judgment was vacated or modified in any material respect. The section of the statute above quoted is the only authority giving the county court power to recall the warrant after it has been issued, and in order that such authority be properly exercised it must be done in accordance with the authority vested by the statute in the court. For this special reason the order of the county court was a nullity, and had no effect on the warrant or upon the authority of the city collector to collect the amounts therein specified. It was equivalent to a refusal of judgment at that time and a continuance of. the application, and nothing more. The warrant remaining in the hands of the city collector could have been collected at any time prior to June, 1905, and appellant could have paid the same at any time prior thereto. He neglected to make payment and it was again returned delinquent by the city collector, and steps were taken, under the statute, by the county collector to obtain judgment and order of sale. The court thus had jurisdiction over the person of appellant and the subject matter of the application, and the rendition of the judgment and order of sale upon the application of June, 1905, authorized the county collector to proceed to sell the property for the unpaid assessment. The court committed no error in overruling the objection that the court was without jurisdiction.

It is next objected that the proceedings were illegal because the estimate of the engineer, which was the basis of the ordinance for the improvement, was not itemized as required by the statute. We call attention once more to section 66 of chapter 24, (Hurd's Stat. 1903, p. 406,) which provides that upon the application for judgment and order of sale upon any assessment, or the interest thereon, or the interest accrued on installments not yet matured, no defense or objection shall be made or heard which might have been

interposed in the proceedings for the making of such assessment or the application for the confirmation thereof, and no error in the proceeding to confirm, not affecting the power of the court to entertain and consider the petition therefor, shall be deemed a defense to the application for judgment. The construction of this section has been before this court on many occasions, and we have uniformly held that an attempt to question the sufficiency of the estimate of the engineer is in the nature of a collateral attack upon the assessment, and not available upon the application for judgment and order of sale. *Gage* v. *People*, 207 Ill. 61 and 377; *People* v. *Fuller*, 204 id. 290.

It is further contended that the warrant issued by the county clerk to the city collector was altered, erased and changed by him after it came into his hands, in such a way as to render it void. It appears that after the warrant was delivered to the collector he placed upon it, in red ink, a memorandum showing that the property had been sold for taxes after the assessment was confirmed, together with the name of the purchaser at such sale. This memorandum was for the convenience of the collector in keeping track of the parties who were interested in the property, so they could be made defendants upon application for judgment and order of sale. The judgment itself was evidenced by the assessment roll, and the confirmation of the same, as it appeared in the records of the county court. The warrant was simply a certified copy of the assessment roll, together with authority to the city collector to collect the amounts due. The memorandum in no way affected the validity of the judgment or injured the appellant in any respect.

The court committed no error in overruling the objections and each of them, and its judgment will be affirmed.

*Judgment affirmed.*