THE CITY OF CHICAGO

*v.*

A. T. GALT.

*Opinion filed February 21, 1907.*

1. SPECIAL ASSESSMENTS—*how an assessment shall be made is a question for the legislature.* A special assessment for a local improvement must be limited to the benefits conferred upon the property, and the constitution secures to the property owner certain rights, but so long as those rights are not infringed the questions whether the assessment shall be based upon an estimate of the probable cost, or upon the actual cost after the improvement is completed, are for the legislature.

2. SAME—*failure to properly itemize estimate of cost does not render ordinance void.* Failure to properly itemize the engineer's estimate of the cost of a proposed local improvement renders the ordinance insufficient to support the assessment but does not render it void, and a new assessment may be levied to pay for the work done under such ordinance.

3. SAME—*estimate of cost is unnecessary where work has been completed.* After work has been completed and the actual cost ascertained the provisions of the Local Improvement act relating to probable cost have no application, and in levying a new assessment under sections 57 and 58 of the Local Improvement act no estimate of the cost is necessary; nor is it of any importance that the estimate of cost under the original ordinance was not properly itemized.

4. SAME—*when new assessment is properly levied.* A new assessment is properly levied, under sections 57 and 58 of the Local Improvement act, where the work was completed under an ordinance which, upon error confessed by the city, was held insufficient for a failure to itemize the estimate of cost, for which reason the judgment of confirmation was reversed and subsequently vacated and set aside.

5. SAME—*extent to which preliminary steps are jurisdictional.* While the requirements of the statute preliminary to the passage of a special assessment ordinance are mandatory, and are jurisdictional in the sense that they are essential steps in the proceeding culminating in the assessment, yet they are not all necessarily essential to the jurisdiction of the court to hear and determine the controversy. (*Clarke* v. *Chicago,* 185 Ill. 354, *Bass* v. *Chicago,* 195 id. 109, *Bickerdike* v. *Chicago,* 203 id. 636, and *Becker* v. *Chicago,* 208 id. 126, explained.)

6. SAME—*city complies with section 34 of Improvement act by mailing the notice.* The provision of section 34 of the Local Improvement act, concerning the notice of the passage of an ordinance to build a sidewalk by special assessment, is complied with where the city mails such notice within the time specified, and the fact that the failure of the property owner to receive such notice deprives him of the privilege of building the sidewalk himself is no defense to the assessment.

7. SAME—*what is not bad faith in constructing an improvement.* One who has obtained the contract for constructing a sidewalk to be paid for by a special assessment which has been confirmed, can not be charged with bad faith in proceeding with the work merely because he was notified by one of the property owners, before the work was begun, that the latter would sue out a writ of error to reverse the judgment because the estimate of the engineer was not properly itemized.

SCOTT, C. J., dissenting.

APPEAL from the County Court of Cook county; the Hon. DWIGHT C. HAVEN, Judge, presiding.

CHARLES H. MITCHELL, and JOHN M. O'CONNOR, (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellant.

HUFF & COOK, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is a proceeding brought under sections 57 and 58 of the Local Improvement act (Hurd's Stat. 1905, p. 418,) to pay the unpaid balance of the cost of a cement sidewalk. On July 20, 1903, the city council of appellant passed an ordinance for the construction of said sidewalk on both sides of Evanston avenue from Devon avenue to the Chicago, Milwaukee and St. Paul railroad and on the east side of Sheridan road between certain points, and provided that it should be paid for by special assessment. A petition was filed in the county court of Cook county for the levy of such special assessment, and an assessment roll was made and returned

225—24

into court showing an assessment of $1034 against property owned by appellee. On June 10, 1904, appellee was defaulted and judgment was entered confirming the assessment against his property. After the term of court had passed and the city had let a contract for the improvement, but before the sidewalk had been laid in front of appellee's property, his attorney went before the board of local improvements and stated that appellee never received any notice of the proceedings, and requested the board to permit its attorney to go into court and to have the default and judgment set aside and to allow the appellee to file objections to the assessment. The board refused consent, and the attorney on July 25, 1904, sent a letter to the contractor stating that appellee never received notice of the pendency of the proceeding or the confirmation of the assessment until a few days before that date; that if the contractor proceeded with the work as to appellee's property and looked to the assessment for his money he would do so at his own risk, and that the attorney relied upon the decision in the case of *City of Peoria* v. *Ohl,* 209 Ill. 52. A writ of error was sued out from this court to review the judgment of confirmation, and one of the errors assigned was, that the estimate of the engineer of the cost of the improvement was not itemized, as required by statute. The error was confessed by the city and the judgment of confirmation was thereupon reversed and the cause was remanded to the county court. Before the reversal of the judgment the contractor had laid the sidewalk, the work had been accepted by the city and a voucher had been issued for the amount due the contractor. The mandate of this court was filed in the county court, the cause was re-docketed and the default and judgment of confirmation were vacated and set aside. On December 4, 1905, the city council passed another ordinance, reciting the passage of the first ordinance and the proceedings thereunder, and that the sidewalk had been constructed in good faith by the contract duly let and executed in strict compliance with the terms of the first or-

dinance, and providing for a new assessment to pay the unpaid balance for the work so done. By leave of the county court a supplemental petition for a new assessment in pursuance of said ordinance was filed on December 7, 1905. An assessment roll was made and returned showing an assessment of $855.09 against the property of appellee. He appeared and filed fifty-nine objections, the last three of which were sustained by the court. These objections were, (1) that the ordinance passed for the construction of the sidewalk was void by reason of the estimate of the engineer not being itemized; (2) that appellee did not receive the notice provided for in section 34 of the Local Improvement act; (3) that the work was not done in good faith, for the reason that the contractor and city officials were notified of appellee's failure to receive the notice, before the sidewalk in front of his property had been constructed. The petition for the new assessment was dismissed and the record has been brought to this court by appeal.

The constitution provides that the General Assembly may vest the corporate authorities of cities, towns and villages with power to make local improvements by special assessment, and the manner in which that power is to be exercised, when conferred, is purely a question of legislative discretion. A special assessment to pay for a local improvement must be limited to the benefit conferred upon the property, and the constitution secures to the property owner certain rights, but so long as no constitutional right is infringed, the questions what steps shall be taken for the levy of an assessment, and whether it shall be based upon an estimate of probable cost before the work is done or upon the necessary actual cost after the work is completed, are for the legislature. By the Local Improvement act the corporate authorities of cities, villages and incorporated towns are vested with power to make local improvements by special assessment by passing an ordinance providing for the making of the same and prescribing therein that the improvement

shall be made by special assessment. The act provides a method for an assessment before the work is done, based upon an estimate of cost, and it also provides for supplemental assessments in case the first assessment proves insufficient to pay for the improvement. By sections 57 and 58 provision is made for a new assessment if an assessment shall be annulled by the city council or board of trustees or set aside by any court, and it is provided that no special assessment shall be held void because levied for work already done under a prior ordinance, if it shall appear that the work was done in good faith by the contract duly let and executed pursuant to an ordinance providing that such improvement should be paid for by special assessment or special tax. The provision as to work already done is only to apply when the prior ordinance shall be held insufficient for the purpose of such assessment or otherwise defective, so that the collection of the assessment therein provided for becomes impossible. In such a case a new or special ordinance is to be passed providing for such assessment, and such ordinance need not be presented by the board of local improvements. After the work has been done the provision for an estimate of the probable cost does not apply, and the question whether the estimate was itemized is therefore of no importance. (*City of Chicago* v. *Noonan,* 210 Ill. 18.) After the work has been completed and the actual cost ascertained an estimate could serve no useful purpose. This case presents exactly the condition contemplated by the act. The first ordinance was held insufficient for the purpose of the assessment because of the failure of the engineer to itemize the estimate, and for that reason the collection of the assessment therein provided for became impossible.

Counsel for appellee contend that the failure of the engineer to properly itemize his estimate in the proceedings preliminary to the passage of the first ordinance rendered that ordinance not merely insufficient or defective, but absolutely void. A void ordinance is no ordinance, and if counsel are

right there can be no new assessment in this case, since one of the conditions for such new assessment is that the work was done pursuant to an ordinance providing that the improvement should be paid for by special assessment.

Counsel rely upon several decisions holding that in the statutory proceeding for the levy of an assessment every step provided by the statute to be taken prior to the passage of the ordinance is mandatory and must be strictly complied with, and that otherwise no valid assessment can be levied. The county court adopted that construction of the decisions and sustained the objection that the ordinance was void. The decisions relied upon were rendered in the cases of *Clarke* v. *City of Chicago,* 185 Ill. 354, *Bass* v. *City of Chicago,* 195 id. 109, *Bickerdike* v. *City of Chicago,* 203 id. 636, and *Becker* v. *City of Chicago,* 208 id. 126. In those cases it was held that the particular mode provided by the statute for the levy of a special assessment must be pursued, and that an ordinance will not authorize an assessment until all the preliminary requirements of the statute have been complied with. Language was used to the effect that the proceedings prior to the adoption of the ordinance are jurisdictional, without which no valid ordinance can be passed, and, in effect, that the ordinances involved were void and the court without jurisdiction to proceed, but in none of them was the question whether the ordinance was void and a nullity, or merely insufficient or defective, in any manner involved. The actual decision in each case was, that the provisions of the statute for the protection of the property owner are mandatory and must be strictly complied with. The preliminary requirements of the law are jurisdictional in the sense that they are essential steps in the proceeding culminating in a special assessment, but it was not held in any case that the county court had no jurisdiction to act at all or to hear and determine the controversy. The scope of those decisions is very clearly shown by other cases where the question was directly involved and decided. In *Gage* v.

*People,* 207 Ill. 377, it was held that an objection that the itemized estimate was not included in the first resolution of the board of local improvements could not be urged upon application for judgment and order of sale. If the ordinance had been void and the court confirming the assessment without jurisdiction to entertain the cause at all, the judgment of confirmation would have been a nullity and the objection could have been made in the collateral proceeding or at any time or place when or where there should be an attempt to enforce the judgment. In *Conway* v. *City of Chicago,* 219 Ill. 295, which was a supplemental assessment, under section 59 of the Local Improvement act, to pay a deficiency, the appellants offered to prove that there was no itemized estimate of the improvement incorporated in the first resolution of the board of local improvements, but they were not permitted to attack the former ordinance on that ground. In *Noonan* v. *People,* 221 Ill. 567, there was an application for judgment and order of sale against the appellant's property for a delinquent special assessment, and he objected that the proceedings were illegal because the estimate of the engineer was not itemized, as required by the statute. It was held that the objection was not available because it was a collateral attack upon the judgment.

Under the uniform holdings of this court, if the ordinance was void and the court had no power to entertain and consider the petition for the assessment, the judgment was void and the objection could have been then made. The statute provides that on the application for judgment and order of sale no defense or objection shall be heard which might have been made in the proceeding for the assessment; but that provision could not prevent the property owner from objecting to the enforcement of a void judgment. It only applies to errors in the proceeding to confirm the assessment not affecting the power of the court to entertain and consider the petition therefor. Even if it should be held that the entire absence of any estimate would render the original or-

· dinance void, that rule could not be applied to this case for the reason that there was an estimate, and the only objection was that it was not sufficiently itemized. The court erred in holding that the ordinance was void.

This case is not distinguished from any of the other cases by the fact that there was no judgment of confirmation in force, since one of the conditions of the statute for a new assessment is that the judgment under the original ordinance was set aside.

The next objection sustained was, that appellee did not receive the notice provided in the Local Improvement act. The city complied with the statute by mailing the notice, and no more was required. A judgment confirming a special assessment imposes no personal liability upon the owner of the property, and in such a case the legislature has power to provide for a notice by mail. Having power to provide for such notice and to give it effect of service upon appellee, we can not hold the proceeding void and that some other notice ought to have been given. It is true that the failure to actually receive the notice deprived appellee of the privilege of building the sidewalk within the forty days allowed for that purpose, but the remedy for the loss of that privilege is with the legislature and not the courts. The assessment cannot exceed the benefits to the property, and the fact that appellee could have built the sidewalk for less than the cost to the city was not a good defense.

The county court held that the work was not done in good faith, for the reason that after the contract was let, and before the work was done, appellee served notice on the contractor and the city that the judgment of confirmation was erroneous because the estimate of the engineer was not properly itemized, and that he would sue out a writ of error to reverse the judgment. In this we think the court erred. The judgment was final and was not appealed from. It was in full force and the contractor had a right to rely upon it. There was nothing to show a want of good faith on the part

of the contractor in the fact that he relied upon the judgment, although appellee threatened to bring a suit in this court by writ of error to set it aside. If the contractor and city had abandoned the work because of the notice and threat, it is probable that appellee would never have sued out the writ or obtained a reversal of the judgment; but at any rate, the contractor had a right to proceed in reliance upon the judgment until it should be set aside or at least a *supersedeas* obtained.

The judgment is reversed and the cause is remanded to the county court.        *Reversed and remanded.*

SCOTT, C. J., dissenting: In the absence of an estimate of the engineer meeting the requirements of the statute, my judgment is that the ordinance for the supplemental assessment is not valid.