EDWARD T. NOONAN, Appellant, *vs.* JOHN R. THOMPSON, County Treasurer, *et al.* Appellees.

*Opinion filed December 17, 1907—Rehearing denied Feb. 6, 1908.*

1. SPECIAL ASSESSMENTS—*parties cannot, by agreement, confer power upon court to set aside judgment.* In the absence of any question of fraud or want of jurisdiction the county court has no power to set aside a judgment of confirmation of a special assessment after the expiration of the term at which it was entered; nor can such power be conferred by an agreement of the parties that when the improvement is completed the judgment of confirmation shall be set aside and a new judgment for the actual cost of the improvement be entered.

2. SAME—*stipulation withdrawing warrant is void if statutory conditions do not exist.* If the statutory conditions for withdrawing a warrant for the collection of a valid special assessment do not exist, a stipulation, entered of record, between the property owner and the attorney for the city, withdrawing such warrant after the county collector has applied for judgment thereon, is void, whether treated as an agreement of the parties or an order of the court. (*Noonan* v. *People,* 221 Ill. 567, adhered to.)

3. SPECIFIC PERFORMANCE—*equity will not enforce a contract which is in violation of law.* A court of equity will not specifically enforce a contract between a property owner and a city to have a judgment of confirmation vacated after the term at which it was rendered has expired, where there is no question of fraud or want of jurisdiction involved; nor will it enforce a stipulation or agreement which is in conflict with a statute and void.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

E. T. NOONAN, for appellant.

GEORGE A. MASON, and FRANK JOHNSTON, JR., (EDWARD J. BRUNDAGE, Corporation Counsel, of counsel,) for appellees.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This was a bill in equity filed by appellant in the circuit court of Cook county, against John R. Thompson, as county treasurer and *ex-officio* county collector of Cook county, and others, to enforce the specific performance of two certain agreements alleged to have been made between the appellant and the city of Chicago with reference to the collection of a special assessment levied upon certain real estate of the appellant situated in the city of Chicago, for the purpose of constructing a local improvement upon the streets of said' city adjoining said real estate, and for other relief. Appellees interposed a demurrer to the bill, which was sustained,

and the appellant having stood by his bill, the same was dismissed for want of equity, and he has prosecuted an appeal to this court.

The bill alleges, at the time the judgment was entered by the county court of Cook county confirming said special assessment the appellant and the attorney of the city of Chicago agreed that when the improvement for the construction of which the special assessment was levied should be completed, the judgment of confirmation, which was for the estimated cost of the improvement, should be set aside by the county court and a new judgment of confirmation entered for the actual cost of the improvement, and that although the improvement was completed and the actual cost of the improvement was less than the estimated cost of the improvement, the city of Chicago refused to carry out said agreement by permitting the judgment of confirmation, as originally entered, to be set aside and a new judgment of confirmation to be entered for the actual cost of said improvement. It does not appear from the allegations of the bill what is the date upon which the judgment of confirmation was entered, although it is stated in the brief of the appellant that such judgment was entered prior to the year 1901, and this bill was filed on April 10, 1907. Treating the statement of counsel for appellant as correct, it appears that the judgment of confirmation sought to be set aside in this proceeding was rendered at a term of the county court of Cook county held at least five years before the bill in this case was filed. Neither does it appear from the bill that the appellant ever applied to the county court of Cook county to vacate the judgment of confirmation entered by that court and in lieu thereof to enter a judgment of confirmation for the actual cost of the improvement. Nor is it averred that said judgment of confirmation was obtained by fraud, or that there exists any other legal reason why said judgment of confirmation was not a legal judgment as against the real estate of the appellant, or that there was any legal reason

why said judgment of confirmation was not properly rendered against his real estate, his sole and only contention being that a court of equity should grant him relief by reason of the fact that the attorney of the city of Chicago agreed, at the time the judgment of confirmation was rendered, that when the improvement was completed the judgment of confirmation should be set aside by the county court and a new judgment of confirmation rendered for the actual cost of the improvement.

This court has repeatedly held that a judgment of confirmation cannot be set aside after the term of court at which it was rendered has expired. (*Keeler* v. *People,* 160 Ill. 179; *McGhesney* v. *City of Chicago,* 161 id. 110.) There are exceptions to this general rule, such as that the court was without jurisdiction to render judgment or the judgment was obtained by fraud. (*City of Chicago* v. *Nodeck,* 202 Ill. 257.) It is not, however, claimed that this case falls within any of the exceptions to the general rule unless the agreement above referred to constitutes an exception, and no authority is cited which sustains the position that parties, by their agreements, can confer upon the court which entered the judgment of confirmation, power to set the same aside at a subsequent term, or upon a court of equity power to set aside a judgment at law after the term at which it was rendered had expired, without showing fraud or other equitable grounds of relief, and our conclusion is that no such power exists. As soon as the term at which a judgment of confirmation was entered has expired the court loses jurisdiction of the subject matter, and the parties cannot, by their agreement, entered into before the judgment was rendered, confer jurisdiction upon the county court over such subject matter and thereby authorize the county court to set aside the judgment of confirmation. We therefore conclude that as to the first agreement relied upon by appellant he was without standing in a court of equity to have said agreement specifically enforced as against the city.

The bill also avers that after said special assessment had been confirmed a warrant was issued to the city collector of the city of Chicago for the collection of the amount of said assessment; that, the assessment not having been paid, the warrant was returned to the county collector of Cook county, and at the June term, 1904, of the county court of the said county application for judgment and order of sale was made on said special assessment by said county collector as against appellant's real estate; that he appeared and filed objections, whereupon a stipulation was made between the appellant and the attorney of the city on the fifth day of August, 1906, as follows: "This day come the county treasurer and *ex-officio* county collector, and objector herein, by W. J. Donlin, his attorney, and said cause coming on to be heard upon the foregoing application and the objections thereto, after a hearing it is ordered by the court that said objections be and are hereby sustained and said judgment of sale is hereby refused, whereupon the said county treasurer moves the court to vacate the above ruling of the court, and the hearing on that motion is hereby continued to September 12, 1904;" and that thereafter, and on the second day of November, 1904, a further stipulation was made between the appellant and the attorney of the city, as follows: "Now come the objectors, by W. J. Donlin, their attorney, and re-lator, by W. M. Pindell, his attorney, and said cause coming on to be heard, and the court having heard the evidence and being fully advised therein, it is therefore ordered, ad-judged and decreed that said warrant for the collection of said installments of said special assessments be and the same is hereby recalled as to the lots and lands enumerated in the schedule hereto attached;" that on April 5, 1905, notwith-standing said stipulations, there having been a change in the city attorney's office, said warrant was again returned as delinquent to the county collector of Cook county and ap-plication was made for judgment and order of sale against appellant's real estate for said special assessment; that he

appeared and filed objections and offered in evidence said stipulations and objected to the rendition of judgment and order of sale against his real estate to satisfy said special assessment, but that the county court overruled his objections and rendered judgment and order of sale against his real estate for said special assessment; that he prosecuted an appeal to this court, where the judgment of the county court of Cook county was affirmed, (*Noonan* v. *People,* 221 Ill. 567,) on the ground that the stipulations above set forth were void, and he now contends he ought not to be barred by the adjudication in that case because he says the stipulations agreeing to withdraw said warrant were in that case treated as orders of court and as such held to be void, while in this case the contention is made that while said stipulations, as orders of court, are void, they may be enforced by way of specific performance by a court of equity.

In *Noonan* v. *People, supra,* it was held that a warrant issued upon a valid confirmation judgment could only be withdrawn in accordance with the terms of the statute, and that the stipulations entered into by the appellant and the attorney of the city shown by the record in that case, and which are the same as the stipulations shown by the record in this case, being in conflict with the statute, were made without authority of law and were void, and were properly disregarded by the county court upon the second application for judgment and order of sale upon said warrant for the collection of said special assessment. If said stipulations were void, as being in conflict with the provisions of the statute, and no bar to an application for an order of judgment and sale, we are unable to discover any legal basis upon which to hold that a court of equity can decree their specific performance as an agreement entered into between the appellant and the city, as, clearly, a court of equity will not decree the specific performance of a stipulation which is in conflict with a valid statute and void. We think the case of *Noonan* v. *People, supra,* disposes of said stipulations,

231—38

whether considered as orders of court or as agreements, adversely to the contention of the appellant, and that the trial court properly declined to specifically enforce said stipulations as against the city of Chicago.

The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*