THE PEOPLE *ex rel*. Edward G. Zilm, County Collector, Appellee, *vs*. BARBARA HAYES *et al*. Appellants.

*Opinion filed April 19, 1913.*

1. SPECIAL TAXATION—*what necessary to authorize new ordinance for a tax for work already done.* To authorize the passage, under the Sidewalk act, of a new ordinance levying a special tax to pay for work already done in good faith pursuant to a former ordinance which has been set aside, it is essential that the former ordinance be merely defective and not void.

2. SAME—*when former ordinance cannot be regarded as merely defective.* A special tax ordinance passed after the Sidewalk act of 1905 was in force, but which follows and complies with the provisions of the Sidewalk act of 1875 instead of the act of 1905, can not be said to be merely defective but must be regarded as void, notwithstanding the act of 1905 retains many of the provisions of the act of 1875.

APPEAL from the County Court of LaSalle county; the Hon. W. H. HINEBAUGH, Judge, presiding.

BUTTERS & ARMSTRONG, for appellants.

LLOYD PAINTER, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal prosecuted as a consolidated appeal by Barbara Hayes and A. T. Hayes to reverse a judgment and order of sale of the county court of LaSalle county against certain property of appellants in the village of Grand Ridge for the cost of constructing sidewalks in front of said property.

An ordinance was passed August 14, 1906, for the construction, by special tax, of a brick sidewalk in front of property owned by Barbara Hayes. She was notified of the passage of the ordinance and requested to construct the walk within thirty days, but failing to do so the walk was constructed by the village at a cost of $29.70. This

was levied as a special tax against the lots, but when application was made for judgment against the property and order of sale for the payment of the tax, objections by Barbara Hayes were sustained and judgment denied. On October 4, 1910, the village passed another ordinance directing the construction of the walk, to be paid for by a special tax against the lots. This ordinance was an attempt on the part of the village to avail itself of the provisions of the Sidewalk act, as amended in 1905, authorizing another assessment when the walk had already been constructed in good faith by the village under a prior ordinance and the tax under the prior ordinance had been set aside by a court. Objections to judgment and order of sale for the payment of the tax under this ordinance were also sustained and judgment denied. November 7, 1911, the village passed another ordinance for the purpose of subjecting the lots to payment of the cost of constructing the sidewalk by the village. Barbara Hayes filed objections to judgment and order of sale against the property, but the county court overruled the objections and rendered judgment and ordered sale of the property to pay the same.

On September 20, 1909, the village of Grand Ridge passed an ordinance for the construction of a concrete sidewalk in front of property belonging to A. T. Hayes, to be paid for by special taxation. He failed to construct the walk pursuant to notice given under the ordinance and it was constructed by the village at a cost of $188.30. When application was made for judgment against the property for the cost of the walk as a special tax, objections were filed by A. T. Hayes. The objections were sustained and judgment denied. October 4, 1910, the village passed another ordinance for the purpose of subjecting the property to the payment of the cost of the walk that had been constructed by the village under the prior ordinance. When application was made for judgment by virtue of this ordinance objections of the property owner were sustained and

judgment denied. November 7, 1911, the village passed another ordinance for the purpose of taxing the cost of the construction of the walk against the property. Objections to judgment by virtue of this ordinance were overruled, judgment rendered for the tax and the property directed to be sold for the payment thereof.

We consider it necessary to discuss but one of the questions raised by appellants. They contend that the original ordinances,—the one of 1906 relating to the sidewalk in front of Barbara Hayes' property and the one of 1909 relating to the sidewalk in front of A. T. Hayes' property,— were void and that no tax could be imposed against the property by new ordinances to pay for the walks previously constructed under void ordinances. Authority given by the Sidewalk act to pass a new ordinance levying a special tax for work already done by the city or village in good faith pursuant to an ordinance, but which has been set aside by a court, cannot be exercised if the previous ordinance was void. If the original ordinance was merely defective but not void, then a new ordinance may be passed for the levy of the special tax. *City of Chicago* v. *Galt,* 225 Ill. 368.

The reason given for the contention that the original ordinances were void is, that they followed and complied with the provisions of the Sidewalk act of 1875 as it existed prior to its revision and amendment in 1905. This is not disputed by appellee, but it is insisted the revision or amendment of 1905, while it made changes, retained much of the act as it originally existed and was not a repeal of the original act. It is true, the act of 1905 retained much of the original act, but it is also true that it contains material provisions not in the act of 1875, which the legislature evidently intended should be complied with by municipalities seeking to avail themselves of the provisions of the act. We cannot say that an ordinance passed in 1906 or 1909, not in compliance with the law as it existed in 1905 but in compliance with the law as it existed prior to

1905, is defective, merely. It seems to us it is clearly void. This being true, the original ordinances furnished no basis or authority for imposing the special tax by new ordinances to pay for the work already done by the village under void ordinances.

We are of opinion the court erred in overruling objections and rendering judgment for the taxes. The judgment is therefore reversed.                *Judgment reversed.*