**CITY OF ENID et al. v. GENSMAN et al.**

No. 7521.—Opinion Filed June 3, 1919.

Rehearing Denied Sept. 30, 1919.

(Syllabus by the Court.)

1. **Municipal Corporations — Improvement Resolution—Jurisdiction.**

Where a city council initiated proceedings to pave certain streets, by passing a resolution declaring said improvement necessary, as provided in section 444, Wilson's Rev. & Ann. Statutes 1903, but failed to publish said resolution as provided in said section, the proceedings based thereon are void, as the publication of the resolution declaring the improvement necessary is a condition precedent to jurisdiction.

2. **Same—Reassessment Ordinance—Statute.**

Section 451, Wilson's Rev. & Ann. Statutes 1903, does not give the city council authority to pass a reassessment ordinance where the original proceedings were void for want of jurisdiction.

3. **Same—Action to Set Aside Special Assessment—Limitations.**

The period of limitation by statute (Wilson's Rev. & Ann. St. Okla. sec. 450) within which an action may be brought to set aside a special assessment made against the lots abutting upon a street to pay the cost of grading the same does not apply to bar a lot owner of an action to enjoin the collection of such assessment, when the proceedings upon which it is based are void.

Error from District Court, Garfield County; James B. Cullison, Judge.

Suit for injunction by George J. Gensman and others against the City of Enid and others.

Judgment for plaintiffs, and defendants bring error. Affirmed, former opinion withdrawn, and opinion herein substituted, and second petition for rehearing denied.

W. J. Otjen, Geo. W. Buckner, and W. O. Cromwell, for plaintiffs in error.

Hills & Manatt, for defendants in error.

McNEILL, J. This cause was before the court and reported in 158 Pac. 377 (not officially reported), but on second petition for rehearing it is agreed by all parties that in briefing the case they were in error as to the law applicable to the case. Both sides briefed the case on the theory that the law applicable was the Revised Laws of 1910, and the court decided the case by referring to said statute, while the proceedings are to be governed by Wilson's Rev. & Ann. Statutes of 1903.

The facts in this case are that the city of Enid attempted to proceed to pave and improve certain streets in the city. The city council passed a resolution of necessity, as required by section 444, Wilson's Rev. & Ann. Statutes of 1903, but said resolution was not published. The street was paved and the assessment placed against the land of defendants in error. The defendants in error, being the property owners, brought an action against the city clerk and county treasurer in the district court of Garfield county, and enjoined them from collecting the assessment. The trial court rendered judgment against the said city declaring said assessment void, and enjoined the county treasurer from collecting said taxes. Thereafter the city authorities, without taking any steps to acquire the necessary jurisdiction to pave in the first instance, passed a reassessing ordinance, and under it sought to reassess the lands of the defendants in error.

The defendants in rror filed their petition in the district court of Garfield county, seeking to enjoin the city from making a reassessment against said property, and alleging that the district court of Garfield county in a former action held that the original assessment was void, for the reason that no publication of the resolution was had, and alleging that the city was without jurisdiction to reassess said property for the reason they had never acquired jurisdiction in the first instance, therefore would be unable to reassess the property until they had first acquired jurisdiction—not having acquired jurisdiction in the first instance, they would be unable to pass a reassessment ordinance. The city filed a demurrer, the court over-

ruled the demurrer, the city excepted, and refused to plead further. The court rendered judgment enjoining the city from proceeding further under the reassessment ordinance or from attempting to fix a lien upon defendants in error's property. From this judgment the city appeals, and brings the case here for review.

The paving was initiated under and by virtue of section 444, Wilson's Revised Statutes 1903, and it is agreed the controversy is governed by provision of Wilson's Revised Statutes of 1903, and it is admitted that the resolution of necessity was never published.

The plaintiffs in error now contend that the publication of said resolution was not jurisdictional, but this court has held contrary to said view in the case of Kerker v. Bocher, 20 Okla. 729, 95 Pac. 981, and on page 757 of 20 Okla., on page 992 of 95 Pac., the court used the following language:

"The declaring by resolution and the publication of the same for four consecutive weeks in some newspaper of general circulation in the city is a condition precedent to jurisdiction, and, when that is done without protest on the part of the property owners to be affected, then the council shall have the power to cause such improvement to be made."

It is next contended that, by reason of section 451, Wilson's Revised Laws 1903, plaintiff in error has the right to pass a reassessment ordinance and to reassess the property for the improvements already made. A portion of said statute is as follows:

"Provided further, that in the event any special assessment shall be set aside or be invalid in whole or in part, the city council may, at any time, in the manner herein provided for an original assessment, proceed to cause a new assessment to be made, which shall have the like force and effect as an original assessment."

The question presented is whether the statute is broad enough to permit the city council to pass an ordinance reassessing the property for the improvements made, when the original proceedings were void. The plaintiff in error argues that it makes no difference whether the city council had jurisdiction in the first instance or not, or whether the proceedings were void; that the statute authorized the passing of a reassessment ordinance in either event. In support of their contention they cite cases from different states, but an examination of those cases discloses that the statutes of those states are very different from our statute, the case of Kansas City v. Silver, 74 Kan. 851, 85 Pac. 805, being one of the cases they rely

upon, which is a per curiam opinion, but the Kansas statute contains the following language:

"Which special assessment order may be informal, illegal, irregular or void for want of sufficient authority, to make or levy the same, or for any cause whatever."

They also cite the case from the state of Washington, Frederick v. City of Seattle. 13 Wash. 428, 43 Pac. 364. The statute there in regard to reassessing property contains the following provision:

"Or for any legal improvement which has heretofore been made or which hereafter may be made by any city or town has been or may hereafter be declared void."

They also cite or rely upon the case of Sanderson v. Herman, 108 Wis. 662, 84 N. W. 890, 85 N. W. 141. This was a case from Wisconsin, but the statute there provides "is or may be invalid for certain reasons." But the court held in that case that the invalidity of the first assessment came entirely within the provision of the latter act, but did not pass upon the question as to what ruling the court would make if the city had no jurisdiction in the first instance.

Plaintiffs in error cite State ex rel. v. District Court of Ramsey County et al., 97 Minn. 147, 106 N. W. 306, this case following the case of State ex rel. St. Anthony Park North Trust Co. v. District Court of Ramsey County, 95 Minn. 183, 103 N. W. 881, a decision of the Supreme Court of Minnesota, but the statute of Minnesota provides as follows:

"And no error or omission or irregularity, whether jurisdictional or otherwise, shall prevent a reassessment to the extent of the benefits conferred by such improvement."

We do not think these cases are in point. These cases support the theory of the constitutionality, or the authority of the Legislature to enact a curative statute, by providing that the Legislature may provide, where the proceedings are void, that a reassessment ordinance may be passed. It is not necessary for us to pass upon the question of the constitutionality in the case at bar for the reason the question is whether our statute is broad enough to include a case to remedy jurisdictional defects. Our statute does not attempt to grant any such power or authority. It provides that a new assessment shall have like force and effect as the original assessment, and of course, if the council had no jurisdiction in the first instance, they would acquire none in the second.

In support of cases where the statute and charters are almost similar to the statute of Oklahoma we find that the constructions placed upon similar statutes by the Supreme Courts of Michigan, Illinois, Indiana, and Iowa hold that such statutes do not authorize the reassessment of property where the proceedings are void.

The Supreme Court of Michigan, in the case of Crawford v. City of Detroit, 169 Mich. 293, 135 N. W. 314, stated as follows:

"These cases establish the law that the failure of the village council to pass the resolution required by these sections is a jurisdictional defect, and, if it is a jurisdictonal defect. it was not cured by the subsequent resolution of council.

"Second, that the city relies upon section 197 (1904) of its charter to give force to its resolution, the material portion of which reads as follows: 'Whenever in any proceedings heretofore or hereafter made for the purpose of paving any street or alley or public places, or for the construction or repairing of any sidewalk or sewer, * * * and the same shall, in the opinion of the common council, be invalid, said common council may vacate and set the same aside, and when any errors or omissions may appear in any such proceedings in the making of said improvement, or in any assessment roll or in any certificate thereto, the common council may order the same to be corrected, and when any such special assessment shall be so vacated or held invalid by the judgment or decree of any court of competent jurisdiction on account of any error or omission in said proceedings or in said assessment, the common council may cause a new special assessment to be made, for the purpose for which the original assessment was made.'

"The power conferred by this charter provision would not authorize the council to cure jurisdictional defects; nor did it attempt by its resolution to cure any defect in the proceedings anterior to the assessment. It is obvious that the ordering of an assessment would not cure a defect in the proceeding which lay at the foundation of the proceeding. If the village proceedings were declared void for a jurisdictional defect, * * * then it follows that the whole controversy was disposed of on the first hearing, and, no appeal having been taken therefrom, the conclusions and decree of the trial court are final."

The Supreme Court of Iowa, in the case of Comstock v. Eagle Grove City, 133 Iowa, 589, 111 N. W. 51, used the following language:

"In the first place, if such were possible in any case, it cannot be said with any propriety that by the enactment of section 823 the Legislature contemplated that a city council which had proceeded without jurisdiction might supply the want of jurisdiction and

give legality to its past acts done in defiance of the statutes, by simply holding a meeting to hear objections, correct errors, etc."

The court further stated:

"To conclude with, we hold that the sections of the Code relied upon were intended to cover errors and irregularities arising out of the exercise of a jurisdiction acquired. They have no relation to cases involving a want of jurisdiction."

The Supreme Court of Illinois, in the case of City of Geneseo v. Schultz, 100 N. E. 926, syl. 1, 257 Ill. 273, said:

"Where an ordinance under which an improvement is made is not a nullity, but merely defective or insufficient, a new assessment can be levied under a supplemental ordinance under the Local Improvement Act."

The Supreme Court of Illinois, in the case of People ex rel. v. Hayes, 258 Ill. 243, 101 N. E. 549, said:

"We consider it necessary to discuss but one of the questions raised by appellants. They contend that the original ordinances—the one of 1906 relating to the sidewalk in front of Barbara Hayes' property, and the one of 1909 relating to the sidewalk in front of A. T. Hayes' property—were void, and that no tax could be imposed against the property by new ordinances to pay for the walks previously constructed under void ordinances. Authority given by the Sidewalk Act to pass a new ordinance levying a special tax for work already done by the city or village in good faith pursuant to an ordinance, but which has been set aside by a court, cannot be exercised if the previous ordinance was void. If the original ordinance was merely defective, but not void, then a new ordinance may be passed for the levy of the special tax. City of Chicago v. Galt, 225 Ill. 368, 80 N. E. 285."

The Supreme Court of Indiana, in the case of Curless v. Watson, 54 Ind. App. 110, 100 N. E. 576, said:

"The power and duty of the board of trustees or common council, as the case may be, under the statute to make an assessment for such improvements continue in that tribunal until legally exercised. While it is true that a void assessment may be defeated or set aside and held for naught in a collateral action, still, under such circumstances, if the principal proceedings of the board upon which an assessment must rest are not also void, a valid reassessment may be made, by which the objectionable matters or grounds which resulted in rendering the first assessment invalid may be avoided." Hibben v. Smith, 158 Ind. 206, 62 N. E. 447.

There are many other cases upon this same question from other states, upholding this same rule, but we have been unable to find any, nor has counsel cited us a case, where the statute was similar to ours, where a new assessment or a reassessment was ever sustained in a case where the city council had acquired no jurisdiction in the first instance, but it has only been sustained in cases where the state has a statute broad enough to include proceedings that were void in the first instance, and only then has said reassessment been sustained.

It is not proper for the court to read into the statute exceptions or words not contained therein. The statute in its literal meaning can only be construed to mean a reassessment in proceedings where the city in the first instance acquired jurisdiction, and, if their proceedings became illegal or invalid for any reason, then the city has a right to go back and correct the irregularities and pass a new reassessment ordinance and reassess the property the same as in the first instance, but, having acquired no jurisdiction in the first instance under our statute, they would be unable to pass a reassessment ordinance.

Counsel in one of their briefs argue the question of the statute of limitations, but the law in this state appears to be well settled that the statute of limitations does not apply to an assessment when the proceedings upon which it is based are void.

This court, in the case of Morrow v. Barber Asphalt Paving Co., 27 Okla. 247, 111 Pac. 198, stated as follows:

"The period of limitation by statute (Wilson's Rev. & Ann. St. Okla. sec. 450) within which an action may be brought to set aside a special assessment made against the lots abutting upon a street to pay the cost of grading the same does not apply to bar a lot owner of an action to enjoin collection of such assessment, when the proceedings upon which it is based are void."

This same construction has been followed by the court in construing the statute of 1910 in the case of City of Muskogee v. Nicholson, 69 Oklahoma, 171 Pac. 1102, and Southern Surety Co. v. Jay, 74 Oklahoma, 178 Pac. 95.

For the reasons stated, the judgment of the trial court is affirmed.

The former opinion of the court is therefore withdrawn, and this opinion substituted therefor, and the second petition for rehearing denied.

OWEN, C. J., and SHARP, PITCHFORD, and HIGGINS, JJ., concur.