**OLIVER et al. v. PICKETT, Co. Treas., et al.**

No. 10920—Opinion Filed June 1, 1920.
Rehearing Denied Nov. 23, 1920.

(Syllabus by the Court.)

1. **Municipal Corporations—Street Improvements—Procedure—Validity of Assessments.**

In an action by property owners to have certain special assessments levied against their property declared null and void, for the reason the resolution passed by the city commissioners did not declare said work or improvement necessary, where the proceedings were controlled by sections 722 to 733, Snyder's Comp. Laws 1909, and where the record discloses that the city commissioners passed a resolution and published the same the required length of time as required by section 723 of said statute, said resolution notifying the property owners that if no protest was filed within 15 days after the last publication of said resolution, a contract would be let for the paving and guttering of said street, and it appears that no protest was filed by the property owners, held, the resolution, though irregular in form in not expressly declaring that the improvement was necessary, is not invalid, but sufficient to give the city commissioners jurisdiction to enter into a contract for said improvement, and the assessments made in accordance therewith are valid.

2. **Municipal Corporations—City Charter—Conflict with Statutes.**

The provisions of a city charter, adopted and approved according to the Constitution and laws of this state, become the organic law of such municipality and supersede the laws of the state in conflict therewith in so far as they attempt to regulate merely municipal matters.

3. **Municipal Corporations—Street Improvements—Validity of Assessments—Time for Suit.**

Where city commissioners have acquired jurisdiction to make certain street improvements and have passed the ordinance making final assessment and assessed the benefits to the property owners, and where the law governing the making of such improvements was sections 722 to 733, Snyder's Comp. Laws 1909, the property owners cannot maintain an action to set aside said assessments unless for reasons enumerated in Section 728, Snyder's Comp. Laws, unless said action is commenced within 60 days after the passage of the ordinance making such final assessment.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Action by H. Oliver, W. B. Humphrey, Thomas Dickinson, S. B. Chappelle, A. W. Mathena, P. A. Chappelle, J. W. Arthur, Fred Wilkoming, E. E. Cowman, W. N. Cowman, and P. R. Miller against E. R. Pickett, County Treasurer of Creek County, the City of Sapulpa, and others, to enjoin collection of special assessments for paving. Judgment for defendants, and plaintiffs bring error. Affirmed.

John J. Davis and G. T. Pendleton, for plaintiffs in error.

Leroy J. Burt and Robert B. Keenan, for defendants in error.

McNEILL, J. This action was commenced in the district court of Creek county by H. Oliver and others against the county treasurer, the city of Sapulpa, and John E. Nolan and others to enjoin the county treasurer from collecting certain special assessments or paving taxes against the lots of the plaintiffs. The second amended petition alleged the plaintiffs were owners of certain lots in the city of Sapulpa and that said city of Sapulpa was a municipal corporation, having a charter form of government; that the said charter provides that the general laws of the state relating to cities of the first class approved the 17th day of April, 1908, shall govern the paving of streets. It is alleged that the city commissioners attempted to form street improvement district No. 15 and to pave said street, but that no petition was filed with the city commissioners asking that said street be paved, and that no preliminary resolution declaring the improvements necessary was published, and that no preliminary estimate was filed with the city commissioners, and that the pavement was worthless.

To the petition, the defendants filed an answer, and, upon trial of the case to the court, the court made findings of fact and conclusions of law in substance as follows:

First. That the plaintiffs were the owners of certain lands liable for assessment in said paving district.

Second. That the proceedings of the board of commissioners of the city of Sapulpa, leading to and culminating in the construction of the pavement mentioned in the pleadings, were based solely upon preliminary resolution No. 119.

Third. That the pavement was faulty and defective and of practically no value.

Fourth. That at the time of the adoption of resolution No. 119 by the board of commissioners of said city of Sapulpa, said board had never required the city engineer of said city to prepare complete and accurate specifications and estimates for such street improvement, and that no such specifications and estimates were ever prepared, or filed or approved, as provided by section 615, Rev. Laws of Oklahoma 1910, but that said preliminary resolution by the board of commissioners was had under the provisions of the act of 1907-08 and that the latter did not require such estimate.

The court then concluded as a matter of law that the plaintiffs would be entitled to equitable relief provided the proceedings of the board of commissioners of the city of Sapulpa which authorized the construction of said pavement were without jurisdiction and void.

The court concluded as a matter of law that no preliminary specifications and estimates for said street paving were required to be prepared by the city engineer of the city of Sapulpa, or approved by the board of commissioners.

The court concluded that said preliminary resolution No 119 and the publication thereof were sufficient to confer jurisdiction on the board of commissioners of said city to order the construction of the said street pavement, and concluded as a matter of law that the proceedings of said commissioners in the matter were valid, under the act of 1907-08, and that said act of 1907-08 was in full force and effect at the time of the adoption of said preliminary resolution by reason of its incorporation in the charter of said city.

From said judgment, the plaintiffs in error have appealed, and for reversal rely upon three propositions.

The first assignment of error is that the court erred in concluding as a matter of law that the preliminary resolution and its publication were sufficient to confer jurisdiction on the board of commissioners to contract for the street improvement. It is contended by plaintiffs in error that the resolution is insufficient for the reason it is not stated in said resolution that the city commissioners had declared said work necessary.

The heading of the resolution is as follows:

"A resolution to pave, curb, gutter, grade and drain.

"First: Hobson avenue from the east line of Poplar street to the east line of Hickory street.

"Second: Hickory street from the north line of Dewey avenue to the south line of the St. Louis & San Francisco railway right of way.

"And to install the necessary pipes, catch basins and manholes and set curbing therefor."

It was stated in the resolution that the same should be published, and then it notifies the property owners that if owners of more than half of the area of the lots, pieces, or parcels of ground liable to assessment for the cost of such improvement shall not, within 15 days after the last day of publication of the resolution, file their protest in writing against such improvement, then the board of commissioners shall cause such improvement to be made and shall contract for the expense of the same to be charged

against the several lots, pieces, and parcels of ground liable to assessment for such improvement as provided in House Bill 231, which was approved April 17, 1908. In considering whether the resolution was insufficient to give the commissioners jurisdiction to order and contract for said paving, for the reason the resolution did not contain a statement or declaration that the city commissioners had declared the improvement necessary, we have not been cited to any decision of this court upon said question, but are cited cases of other courts passing on this identical question. The identical question was decided by the Supreme Court of Kansas in the case of Newman v. City of Emporia, 4 Pac. 815, wherein the court, in disposing of the identical question, stated as follows:

"1. The plaintiff claims that the original resolution, ordering the improvements to be made on Sixth avenue, was informal, for the reason that the city council 'did not declare such work or improvement necessary to be done' Now, the statute in force at the time, section 75 of the second-class city act (Comp. Laws 1879, c. 19, par. 814), does require that the resolution passed by the city council should 'declare such work or improvement necessary to be done'; but we think the city council in effect complied with the law. When they declared that the work should be done, and instructed the city clerk 'to advertise the same in accordance with the law governing such improvement,' they, in effect, declared that the improvement was necessary, and thereby invited opposition and protest, and gave as full opportunity for the same as though they had in express terms declared that the improvement was necessary."

The Supreme Court of Indiana, in the case of Spaulding v. Baxter, 58 N. E. 551, stated as follows:

"Besides, the council has the exclusive right to judge of the necessity for the improvement, and when it acts, and orders the improvement made, such action necessarily involves a determination of the necessity for the work."

In the case of Barber Asphalt Co. v. Edgerton (Ind.) 25 N. E. 436, the court stated:

[A certain Act providing that] " * * * the council or board of trustees shall declare, by resolution, the necessity therefor, and give two weeks' publication stating the time and place where the property owners can object to such improvements, does not require two separate resolutions, one declaring the necessity for the improvement, and a second, after hearing the property owners, for the construction of the improvement, but is substantially complied with by a notice to the property owners after passage of the resolution ordering the improvement."

The Supreme Court of California, in the case of Banaz v. Smith, 65 Pac. 309, stated:

"The fact that a resolution of intention to construct a sewer did not state that the work was necessary did not render the resolution invalid."

Plaintiffs in error, in support of their contention that the resolution must contain a direct statement that the city commissioners had declared said work a necessity, cite the case of McLauren v. City of Grand Forks (Dak.) 43 N. W. 710, but that case is distinguishable for the reason that not only was there no declaration that the work was a necessity, but no resolution of any kind or character was ever passed or published. The case of Hoyt v. City of Saginaw, 19 Mich. 39, 2 Am. Rep. 76, is also cited, but an examination of that case discloses that no resolution of necessity was ever passed or published. And while the court discusses this same question, it was unnecessary for the reason no resolution was ever published nor notice of any kind given to the property owners. The case of City of Enid v. Gensman, 76 Okla. 90, 181 Pac. 308, is also cited, but the same facts existed in that case, as no resolution was ever passed or published. These cases are distinguishable for the reason that in the case at bar a resolution was passed and published. The cases relied upon by both sides in this case support the principle that where a resolution is passed, although defective and irregular, still if the resolution is published the proper length of time, and is sufficient to give the property owners notice that the improvement will be contracted for unless a protest is filed, and thereafter the property owners fail to file any protest, though said resolution is irregular, it will be valid and sufficient to give the commissioners jurisdiction to proceed with the improvement. Under the facts in the case at bar, the publishing of the resolution in the instant case was sufficient to notify the landowners whose property was liable to be assessed for the improvement that unless they filed their protest within 15 days from the last day of publication the commissioners would proceed with said work, and we think the same was sufficient to give the city commissioners jurisdiction to proceed with the improvement.

The third assignment of error raises the question. Were the proceedings concerning the pavement of the streets controlled by the general laws of the state, to wit, section 615, Rev. Laws 1910, or were they controlled by the provisions of the city charter or what is now sections 722 to 733, Snyder's Comp. Laws 1909? This court, in the case of State

ex rel. Burns v. Linn, 49 Okla. 526, 153 Pac. 826, stated as follows:

"These constitutional and statutory provisions have been construed by this court in a number of cases, and it has been the uniform holding of the court tnat the provisions of a charter, adopted and approved in accordance with such constitutional and statutory provisions, become the organic law of such municipality and supersede the laws of the state in conflict therewith in so far as they attempt to regulate merely municipal matters. Owen v. Tulsa, 27 Okla. 264, 111 Pac. 320; Lackey et al. v. Grant et al., 29 Okla. 255, 116 Pac. 913; Mitchell v. Carter, 31 Okla. 592, 122 Pac. 691; Oklahoma Ry. Co. v. Powell, 33 Okla. 767, 137 Pac. 1080; In re Simmons, 4 Okla. Cr. 662, 112 Pac. 951."

The city charter provides that the general laws of the state of Oklahoma relating to cities of the first class approved 17th day of April, 1908, should govern in regard to paving the streets of the city. The particular section of the law approved April 18, 1908, that dealt with the proceedings regarding the paving of streets, as to preparing a preliminary estimate, was section 723, Snyder's Comp. Laws 1909. Plaintiffs in error conceded that if the resolution was sufficient to give the commissioners jurisdiction, it was unnecessary, if the charter provisions of the state control, to prepare a preliminary estimate. The commissioners complied with the provisions of the city charter applicable to paving.

It being settled by former decisions of the court that the provisions of the city charter governed the proceedings, and the city commissioners having followed the procedure provided for by the city charter, the contention of plaintiffs in error that it was necessary to file a preliminary estimate cannot be sustained; there being no question presented that the paving of streets involved anything but a purely municipal matter. Having decided that the city commissioners acquired jurisdiction to enter into the contract; the proceedings of the commissioners not being void, any right that the plaintiffs might have had would be barred by section 728, Snyder's Comp. Laws 1909, which provides that the assessment should not be set aside unless the proceedings were brought within 60 days after the passing of the ordinance making such final assessment.

For the reasons stated, the judgment of the court is affirmed.

HARRISON, V. C. J., and KANE, PITCHFORD, JOHNSON, and RAMSEY, JJ., concur.