## John A. McGarry et al., Appellants, v. Village of Wilmette et al., Appellees.

### Gen. No. 26,440.

1. MUNICIPAL CORPORATIONS—*power to pass ordinance levying special tax for work done under invalid ordinance.* The authority given by section 8 of the Sidewalk Act as amended in 1907 (Cahill's Ill. St. ch. 24, ¶ 1052) to pass a new ordinance levying a special tax for work already done under an ordinance which has been set aside by a court cannot be exercised if the previous ordinance was void.

2. MUNICIPAL CORPORATIONS—*effect of invalidity of ordinance for levying tax on property not benefited by improvement.* An ordinance for the laying of sidewalks and the levy of special assessments therefor, which is set aside on the ground that the municipality was without the power to pass it because it imposed the cost of the improvement upon property in no way benefited thereby, is void, not merely defective, and a special tax for work done thereunder cannot thereafter be levied under the authority given by section 8 of the Sidewalk Act as amended in 1907 (Cahill's Ill. St. ch. 24, ¶ 1052).

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed October 17, 1921. Rehearing denied October 31, 1921.

GEORGE A. MASON, for appellants; HENRY E. MASON, of counsel.

WILKERSON, CASSELS, POTTER & GILBERT, for appellees; RALPH F. POTTER and EARL D. HOSTETTER, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

This is a petition for mandamus filed by appellants, John A. McGarry and Henry Fowler, doing business as John A. McGarry and Company, praying that a

writ of mandamus be issued against the Village of Wilmette and its trustees, commanding them to take such steps as may be necessary to relevy and collect a special tax for the unpaid portion of the special tax levied to pay the cost of constructing a system of cement sidewalks in said village, for the purpose of paying the balance due the petitioners for the construction of said improvement.

Amended pleas were filed and a general demurrer sustained to all except the first. Upon the issue thus made the case was tried, resulting in a finding for defendants, and from the judgment entered thereon petitioners have appealed. As we are of the opinion the judgment was proper, it is unnecessary to consider the issues raised by the other pleas.

It was contended by defendants that the ordinance described in the petition was void, and therefore the subsequent contract and vouchers were likewise void; that it was beyond the power of defendants to do the acts sought in the petition to be done, and that petitioners have not shown a clear legal right to the writ of mandamus.

Upon the trial it was shown that the ordinance described in the petition was passed by the president and board of trustees of the Village of Wilmette July 17, 1900. It provided for the construction of concrete sidewalks along streets in Wilmette and that the cost thereof be paid by special taxes on the contiguous lots in proportion to their respective frontages on said proposed sidewalks. This proceeding was under what is known as the Sidewalk Act of 1875. From a map of Wilmette in evidence it appeared that the ordinance provided for the laying of more than forty separate and disconnected sidewalks located on about twenty different streets in widely separated parts of the village. A considerable amount of the sidewalk was laid by the property owners themselves, and in September, 1900, a contract was made by the village with the peti-

tioners for the construction of the remainder of the work. This contract referred to and was based upon the ordinance, which provided that the payment should be made by vouchers payable solely out of the special taxes levied when collected, the petitioners further agreeing to assume all risk of the invalidity of such special taxes or of the proceedings therein. Subsequently certain property owners refused to pay the special tax assessed against their property, and upon application in the county court of Cook county for a judgment of sale against these delinquent lands the objections of the owners were sustained. The judgment was appealed from, and in *People v. Latham*, 203 Ill. 9, the Supreme Court affirmed the judgment upon the ground that the ordinance was void.

The petitioners now base their claim upon section 8 of the Sidewalk Act as amended in 1907 (Cahill's Ill. St. ch. 24, ¶ 1052), which provides that where a special tax for the construction of a sidewalk shall hereafter be annulled, a new ordinance may be passed and a new tax made and returned, and all parties in interest shall have like rights in relation to any subsequent tax as given in relation to the first tax, and providing that:

"No special tax shall be held void because levied for work already done under a prior ordinance, if it shall appear that such work was done in good faith, by the city, village or town, or under contract duly let and executed, pursuant to an ordinance providing that such sidewalk should be paid for by special tax."

This contention is squarely met by what is said in *People v. Hayes*, 258 Ill. 243:

"Authority given by the Sidewalk Act to pass a new ordinance levying a special tax for work already done by the city or village in good faith pursuant to an ordinance, but which has been set aside by a court, cannot be exercised if the previous ordinance was void. If the original ordinance was merely defective but not void, then a new ordinance may be passed for the levy

of the special tax. *City of Chicago v. Galt,* 225 Ill. 368.''

In *People v. Lawson,* 285 Ill. 382, it was definitely held that where a sidewalk ordinance is void because beyond the power of the city, village or town, or because ''unreasonable, unjust or oppressive, it cannot be validated by a subsequent ordinance''; that section 8 as amended permits a tax for work. already done under a prior ordinance which is defective, but ''it does not extend the power of the city, village or town or make an ordinance valid that is void.''

Did the Supreme Court in *People v. Latham, supra,* annul this ordinance because it was merely defective, or was it declared void as beyond the power of the village? The opinion in that case shows that the ordinance provides for the letting of more than forty separate and disconnected sidewalks located on some twenty-five different streets in parts of the village, where the physical conditions are dissimilar, which violated the principles of the Sidewalk Act in that the improvement of one street cannot reasonably be said to benefit the property situated on the other. It was held that the act of 1875 did not ''give the power to the common council'' to pass this ordinance, and hence it was declared void. A companion ordinance for a like improvement, with similar provisions, was for the same reason held void in *People v. Grover,* 203 Ill. 24. Again in *People v. Stearns,* 213 Ill. 184, a similar ordinance was held to be void, based upon the reasoning in *People v. Latham, supra.*

This court has already had occasion to consider this ordinance in *Glos v. Cannata,* 121 Ill. App. 215. It was there held that the cause was controlled by the decisions, *supra,* the court saying:

''If the ordinance was invalid for the reason given, there was no power in the municipality to make the improvement, and no force whatever in the proceedings of the village clerk in levying the supposed tax to fix a lien on the appellee's land.''

These cases, with what is said in the opinions, would seem to obviate any further discussion. But petitioners stress the point that it is not every ordinance called "void" that is absolutely invalid, citing the distinction made in *Hewes v. Glos,* 170 Ill. 436, and other cases. Of course this is true but not applicable to the instant case. Generally speaking, those irregularities in an ordinance which make it merely defective or voidable relate to procedure, while the defect in an ordinance wholly void relates to power. We read the above cases as holding that while undoubtedly the village had the power to lay sidewalks, it was wholly without power to do it by the method adopted, because it could not thus impose the cost of the improvement upon property not in any way benefited thereby. There is no vested right in procedure, but a property owner has a right to immunity from the compulsion to pay money without receiving something in return. This we understand to be the basis of the holding in the *Latham* case, *supra.*

From these considerations we see no reason to disturb the judgment of the circuit court, and it is affirmed.

*Affirmed.*

DEVER, P. J., and MATCHETT, J., concur.