---

(Nos. 14489-14490.—Judgment affirmed.)
JOHN A. McGARRY *et al.* Appellants, *vs.* THE VILLAGE OF WILMETTE *et al.* Appellees.

*Opinion filed April 19, 1922.*

1.   SPECIAL TAXATION—*city cannot re-levy tax under Sidewalk act where original ordinance was held void.*   Section 8 of the Sidewalk act, as amended in 1907, does not give a city or village power to re-levy a special tax where the original ordinance has been held void as being beyond the authority of the municipality to enact.   (*People* v. *Latham*, 203 Ill. 9, explained.)

2.   WORDS AND PHRASES—*the word "void," in strict sense, means without force or effect.*   The word "void," when used in regard to a proceeding, in its strict sense means that the proceeding is an absolute nullity and without any force or effect.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

George A. Mason, (Henry E. Mason, of counsel,) for appellants.

Wilkerson, Cassels, Potter & Gilbert, and Albert C. Wenban, (Ralph F. Potter, and Earl D. Hostetter, of counsel,) for appellees.

Mr. Justice Carter delivered the opinion of the court:

In each of these consolidated cases there was a petition for *mandamus* filed by appellants, John A. McGarry and Henry Fowler, doing business as John A. McGarry & Co., praying that a writ of *mandamus* be issued against the village of Wilmette and its trustees commanding them to take such steps as may be necessary to re-levy and collect a special tax. The petition for the writ was denied in each case in the circuit court, and on appeal to the Appellate Court the judgment order of the circuit court was affirmed, and the cases have been brought here on appeal on a certificate of importance granted by the Appellate Court. As the two cases involve the same principles of law and the same conclusion must be reached in each, the cases were consolidated in this court and will be disposed of in one opinion.

The petition for *mandamus* filed in the circuit court prayed that the village of Wilmette and its trustees be required to take the necessary steps to re-levy and collect a special tax for the unpaid portion of the special tax levied to pay the cost of constructing a system of cement sidewalks in the village in order to pay the balance due the petitioners under said contracts for the construction of the sidewalks. To the amended pleas filed by the village and its trustees a general demurrer was sustained in the trial court except as to the first plea. Upon the issues joined upon that plea the case was tried and judgment entered in the circuit court against the petitioners. As the case must be disposed of upon the issues raised by that plea it is unnecessary to consider the issues raised by the other pleas.

On the trial it was shown that the ordinance described in the petition was enacted by the president and board of trustees of the village of Wilmette in July, 1900; that this ordinance required the construction of concrete sidewalks along certain streets in Wilmette and that the cost thereof be paid by special taxes on the contiguous lots in proportion to their respective frontages on the walks, under the provisions of the Sidewalk act of 1875. The record also shows that the ordinance provided for the laying of more than forty separate and disconnected sidewalks, located on about twenty different and widely separated streets of the village; that a considerable portion of the sidewalks was laid by the property owners themselves, and that in September, 1900, a contract was made by the village authorities with appellants herein for the construction of the remainder of the walks; that the contract between appellants and the village authorities was based upon the ordinance, which provided that appellants should be paid in vouchers solely out of the special taxes when collected, and that appellants assumed all the risk of the invalidity of such special taxes levied; that subsequently, after the sidewalks had been constructed by appellants, certain property owners refused to pay the special tax assessed against their property, and that upon application in the county court of Cook county for a judgment of sale against these delinquent lands the objections of the owners were sustained and judgment refused. The judgment of the county court was thereafter appealed to this court and affirmed in *People* v. *Latham,* 203 Ill. 9.

It is contended by counsel for appellees that the Supreme Court in the *Latham case* affirmed the judgment solely, if not entirely, upon the ground that the ordinance as to the levying of the special tax for paying the installments was void, while counsel for appellants argue at length that the ordinance was not held void but simply defective and voidable, and furthermore argue that when the *Latham*

*case* was decided, in 1903, it was clear that under the Sidewalk act of 1875 there was no provision permitting the re-levying of an assessment that had been held defective or void by the courts, (*Weld* v. *People*, 149 Ill. 257,) but that since that time, in 1905, the Sidewalk act was amended so as to permit, under certain conditions, a new ordinance to be enacted for the purpose of paying for the sidewalks by special taxes already levied under a prior ordinance where the work was done in good faith; that the Sidewalk act was again amended in 1907, section 8 of the amended act providing that "if any special tax for the construction of a sidewalk shall have been [made] prior to the taking effect of this amendment or shall hereafter be annulled by the city council or board of trustees or set aside by any court, a new ordinance may be passed and a new tax may be made and returned and the proceedings therefor shall be the same as in the first instance. * * * No special tax shall be held void because levied for work already done under a prior ordinance, if it shall appear that such work was done in good faith, by the city, village or town, or under contract duly let and executed, pursuant to an ordinance providing that such sidewalk should be paid for by special tax." (1 Hurd's Stat. 1921, p. 430.) Counsel for appellees earnestly insist that under the decisions of this court this statute cannot give the power to the municipality to re-levy the tax when the original ordinance was held void. (*People* v. *Hayes*, 258 Ill. 243; *People* v. *Lawson*, 285 id. 382.) The decisive point in the case is, therefore, whether this court held the original ordinance absolutely void in deciding the *Latham case.*

The word "void" has been used so frequently by the courts without carefully distinguishing whether it was intended to mean absolutely void or merely voidable, (*Hewes* v. *Glos*, 170 Ill. 436; 29 Am. & Eng. Ency. of Law,—2d ed.—1065,) that the decisions and authorities must be examined with care in order to ascertain the meaning in

which the word was used by the court in the particular case decided.   If the word is used in its strict sense, as being absolutely void, then it is held that it means that the proceeding is an absolute nullity—without any force or effect. (29 Am. & Eng. Ency. of Law,—2d ed.—1065; 40 Cyc. p. 214.)   If the court in deciding the question holds that the court is without jurisdiction of the subject matter and the parties, (*Feaster* v. *Fleming,* 56 Ill. 457; *Sholty* v. *Dale Township,* 63 id. 209;) then, without question, the entire proceedings are void.   This court in *People* v. *Grover,* 203 Ill. 24, and *People* v. *Stearns,* 213 id. 184, approved the reasoning and holding of this court in *People* v. *Latham, supra;* and in the *Stearns case* stated that the ordinance in the *Latham case* was held void.   An examination of the opinion in the latter case shows clearly that the ordinance was not only held defective but absolutely void because the municipal authorities were without power to enact the ordinance providing for the letting of the various pieces of sidewalk in many different streets over widely separated portions within the village of Wilmette.   It necessarily follows, in our judgment, that this court intended to hold that the original ordinance in the *Latham case* was absolutely void because the president and village trustees had no authority to pass the ordinance,—not that the court sustained the objections to the original ordinance merely because the ordinance was defective or that an error was made in the procedure in levying the assessment, but because the entire ordinance was beyond the authority of the village council to enact.   This being so, the trial and Appellate Courts reached the correct conclusion in holding the ordinance void. This conclusion renders it unnecessary for us to discuss the other questions raised in the briefs.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*