354

First Trust Joint Stock Land Bank of Chicago, Appellee, v. Luella Cutler et al., Appellants.

Gen. No. 9,081.

Opinion filed January 17. 1938.

SPRINGSTUN & SPRINGSTUN, of Pana, for appellants.

DOVE & DOVE, of Shelbyville, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

In December, 1922, Elmer Cutler, Clifford Cutler, George Cutler and Ruth Cutler Scheer were the owners as tenants in common, each owning an undivided one-fourth interest of the premises described in the mortgage sought to be foreclosed by the plaintiff in this proceeding, subject to a life estate in Luella Cutler, their mother. Elmer Cutler was a minor, of about the age of 17 years at the time of the execution of the note and mortgage, and Alvin R. Cutler, his father, was his duly appointed guardian by an order of the county court of Shelby county and was empowered by said court to execute the note and mortgage to plaintiff.

On December 21, 1922, Ruth Scheer and Ruby F. Scheer, her husband, George Cutler, unmarried, Luella Cutler and Alvin R. Cutler, her husband, and Alvin R. Cutler, guardian of Elmer Cutler, a minor, Clifford Cutler and Frances Cutler, his wife, executed the note and mortgage. Plaintiff filed a suit to foreclose said mortgage. On November 23, 1935, plaintiff filed its petition for the appointment of a receiver, and on said same day Elmer Cutler and other defendants filed amendments to their respective motions to dismiss the complaint. A hearing was had on December 3, 1935, on the motions as amended and on the petition for the appointment of a receiver, before the Hon. J. L. Mc-Laughlin, a circuit judge sitting in the circuit court of Shelby county, which motions and petition for the appointment of a receiver were taken under advisement. The court on February 1, 1936, found that the premises were owned by Clifford Cutler, George Cutler, Elmer Cutler and Ruth Scheer, each owning an undivided one-fourth interest therein, subject to the life estate of Luella Cutler, which was on March 12, 1930, conveyed by her to her son, Elmer Cutler. The court found the mortgage as to Elmer Cutler null and void and sustained his motion to dismiss the cause as to him. The motion to dismiss was denied as to the other defendants and the court entered a rule on them to answer by February 1, 1936. W. C. Redham was appointed receiver. This order was filed on February 11, 1936. An appeal and cross appeal were taken to the Appellate Court, and on June 3, 1936, the appeal and cross appeal were dismissed.

On October 15, 1936, plaintiff amended its complaint. On November 7, 1936, Luella Cutler, Alvin R. Cutler, Clifford Cutler, Ruth Scheer and George Cutler filed an answer to the amended complaint of plaintiff, in which it was alleged that this case was originally filed in the county court of Shelby county to foreclose the

same mortgage sought to be foreclosed in this case, the case being filed in that court by Dove & Dove, the attorneys for the plaintiff in this suit, the note and mortgage and the parties being identical with the note and mortgage and the parties, plaintiff and defendants, in this suit; that the case filed in that court was upon motion of defendants given consideration by the county judge of Shelby county, Illinois, and after the matter had been thoroughly discussed by counsel for plaintiff and defendants the court dismissed the case, and that the dismissal of said case in the county court of Shelby county, Illinois, is a bar to this action.

On September 17, 1936, plaintiff filed an amended complaint, and on October 15, 1936, an amendment to the amended complaint. Elmer Cutler, after having had the cause dismissed as to him by an order entered in said cause on February 11, 1936, entered his appearance in said cause and filed an answer on November 7, 1936. On November 27, 1936, Elmer Cutler renewed his motion to dismiss. Said cause came on to be heard in open court upon the amended complaint as amended and the answer of Luella Cutler, Alvin R. Cutler, Clifford Cutler, Ruth Scheer, George Cutler and the answer of Elmer Cutler and the motion to dismiss filed by Elmer Cutler, and after hearing said cause the court took the same under advisement. On March 19, 1937, the court found by its decree that on December 11, 1922, Elmer Cutler was a minor and Alvin R. Cutler was his guardian by appointment of the county court of Shelby county, and that said guardian was empowered and directed by the county court of Shelby county to execute, on behalf of said Elmer Cutler, a note and mortgage to the plaintiff; that defendant, Alvin R. Cutler, guardian, and the other defendants executed a note and mortgage; that Elmer Cutler attained his majority several years prior to 1930, and both before and after 1930 he paid plaintiff instal-

ments upon the principal and interest due on said note, which were accepted from said Elmer Cutler and the note credited therewith; that Luella Cutler and Alvin R. Cutler, her husband, on March 12, 1930, conveyed by quitclaim deed the life estate of Luella Cutler in said premises to Elmer Cutler; and that at the time of the execution of the mortgage Luella Cutler owned a life estate in all of the premises described in the mortgage and this decree, that the fee, subject to the life estate, was vested in Clifford Cutler, George Cutler, Elmer Cutler and Ruth Scheer as tenants in common, each owning an undivided one-fourth thereof, subject to the life estate; that by virtue of the statute the interest of Elmer Cutler was not conveyed by said mortgage, and said mortgage is not a lien on the undivided one-fourth interest of said Elmer Cutler, but is a lien upon the life estate of Luella Cutler, now owned by Elmer Cutler, in and to all of said premises and a lien upon the three-fourths interest in fee owned by the defendants, Clifford Cutler, George Cutler and Ruth Scheer, and that said defendants are jointly and severally liable for the amount due upon said mortgage. A decree was entered directing the sale of an undivided three-fourths of said real estate in fee and the life estate formerly owned by Luella Cutler.

Appellants, Luella Cutler, Alvin R. Cutler, Clifford Cutler, George Cutler and Ruth Scheer, took an appeal from said decree of the circuit court of Shelby county. Appellee filed a notice of appearance and cross appeal from said decree whereby it was adjudged that the interest of Elmer Cutler in the premises was not conveyed by said mortgage and wherein it was provided that cross appellant only had a lien on an undivided three-fourths interest in fee and the life estate of Luella Cutler, and directed the sale of only the three-fourths interest in fee and the life estate.

Appellants contend that the court erred in taking jurisdiction of said cause and in refusing to dismiss

Elmer Cutler as defendant to the amended complaint as amended and in entering the decree. Appellee insists that the court has jurisdiction of the subject matter and of all the parties; that the order of the county court authorizing Alvin R. Cutler, guardian, to execute said mortgage is a valid order and the mortgage is valid as to the interest of Elmer Cutler.

Although the appeal was taken from the decree of foreclosure, entered on March 19, 1937, appellants enter into a long argument, the substance of which is that Judge McLaughlin on December 7, 1935, heard a motion of plaintiff for the appointment of a receiver and motions of defendants to dismiss the complaint, and that on January 11, 1937, he decided the case, and on that day the following minutes appear on the docket: ''Motion in behalf of Elmer Cutler to dismiss cause allowed and said cause dismissed as to said defendant, Elmer Cutler. Motion on behalf of Luella Cutler, et al., denied and rule entered on said defendants to answer complaint in ten days.'' On February 11, 1936, a decree was entered which contained matter not covered by his opinion and the minutes entered on January 20, 1936, and finds that a receiver should be appointed, and appointed W. C. Redham receiver; that there was no evidence offered to support the findings; that the decree filed February 11, 1936, is illegal in its entirety except in so far as it carries out the decision rendered on the hearing on December 7, 1935.

This matter is not before us for consideration on this appeal. If appellants had wished to contest the correctness of the decree entered by Judge McLaughlin on the appointment of the receiver, they should have taken an appeal from that decree. Under our present Practice Act a decree becomes final after 30 days and cannot be amended or vacated by the court entering the same.

Defendants say in their brief that they denied the allegations of the complaint and alleged that the cir-

cuit court of Shelby county, Illinois, had no jurisdiction to try the issues involved in the case, and that the case was formerly tried in the county court of Shelby county, Illinois, and that the note and mortgage were null and void on account of the same being made in violation of the statutory provisions, to which allegations plaintiff filed no replication and no reply was on file when the court proceeded to hear the case. Section 40 (2) of the Civil Practice Act, Ill. Rev. Stat. 1937, ch. 110, § 164; Jones Ill. Stat. Ann. 104.040, provides that every allegation, except allegations of damages not explicitly denied, shall be deemed to be admitted.

We fail to find in the answer all of the allegations claimed to have been made by the answer, at the pages in the record referred to, but find other and different allegations. A default admits only that the facts alleged in the complaint or answer are true, and not that they constitute a cause of action or a defense.

It is also claimed that Judge McLaughlin by his decree had dismissed Elmer Cutler out of the case and found the note and mortgage were null and void as to him and not a lien on his undivided one-fourth interest in said real estate and that the decision has never been reversed or set aside. While this is true, Elmer Cutler, after the filing of the amended complaint as amended, entered his appearance in said cause and filed an answer and is one of the parties before the court on a final hearing of said cause of Judge Wright.

It is also insisted that the findings of Judge Wright that Alvin Cutler as guardian of Elmer Cutler was empowered and directed by the county court of Shelby county, Illinois, to execute on behalf of said Elmer Cutler a note and mortgage to plaintiff, is not supported by any evidence in the record. Although there is no evidence in support of such findings, yet complainant makes such allegation in its complaint and we fail to find in the abstract of the record any denial

of such allegation in any of the answers filed by defendants. As to the contention of the defendants that a judgment in bar was entered in the county court of Shelby county in a suit between the same parties and to foreclose the same mortgage, we are unable to find in the allegations of the answer or by the proof in the record that any judgment of dismissal was obtained after a hearing upon the merits of the case, the answer alleging that it was upon the motion of defendants.

Appellants also contend that the circuit court has no jurisdiction of the matter in controversy because of the fact that the statute provides: ''Foreclosures of mortgages authorized by this Act (ch. 64, sec. 26, Ill. State Bar Stats. 1935; ch. 64, ¶ 26, Ill. Rev. Stat. 1937; Jones Ill. Stat. Ann. 57.26) shall only be made by petition to the county court of the county where letters of guardianship were granted.''

We are of opinion that the circuit court of Shelby county has jurisdiction of this cause. Art. VI, Sec. 12, Constitution of 1870, provides that: ''The Circuit Court shall have original jurisdiction of all causes in law and equity.'' In this State a court of equity has jurisdiction of a complaint filed for the foreclosure of mortgages. An act should be so construed as to hold the same constitutional and to hold that by reason of the language contained in said section 26 of ch. 64 of the Illinois Revised Statutes the circuit court is deprived of jurisdiction to entertain a bill to foreclose would be in effect to decide that this section 26, ch. 64, Ill. Rev. Stat. 1937, so far as it provides such mortgages should only be foreclosed in the county court, where letters of guardianship were granted, is unconstitutional and void.

It is also contended that the mortgage is void as to the defendant, Elmer Cutler, for the reason that the maturity of the indebtedness is 33 years, a time beyond the minority of the ward, and that the execution of the

mortgage in behalf of Elmer Cutler, without authority and for a period unauthorized by law, renders the whole mortgage void, and that it should not be enforced against the other defendants, although it is not denied that the property at the time the plaintiff made the loan was incumbered by a valid first mortgage of $5,000 held by the Pana National Bank, and that said bank received $5,324.72 of the proceeds of the loan, in full of the amount due it, and the balance, $2,651.28, was paid to the defendants, Luella Cutler, Alvin R. Cutler, guardian of Elmer Cutler, Clifford Cutler, George Cutler and Ruth Scheer. The note and mortgage made by Alvin R. Cutler, guardian on behalf of Elmer Cutler, and joined in by the other defendants, was not null and void, but only voidable by Elmer Cutler or his guardian acting on his behalf during his minority. Anything that is void is null, ineffectual and nugatory, having no legal force or binding effect and unable in law to support the purpose for which it was intended. *McGarry v. Village of Wilmette*, 303 Ill. 147, 135 N. E. 96. An instrument or transaction is voidable when the imperfection or defect can be cured by the act or confirmation of him who could take advantage of it.

The provision of our statute expressly authorizes the county court to empower the guardian of a minor to mortgage his real estate, and there was, therefore, authority in that tribunal to adjudicate, and at most its orders were erroneous only, and not void. Until reversed on appeal, or set aside by some appropriate proceeding, they were binding. *Kingsbury v. Powers*, 131 Ill. 182, 22 N. E. 479.

The amended complaint filed by plaintiff alleges that Elmer Cutler was a minor and that Alvin R. Cutler was appointed guardian of such minor, and that such guardian was duly empowered and directed by the county court of Shelby county to execute on behalf of

said Elmer Cutler a note and mortgage to plaintiff; that defendants executed or delivered a note and mortgage to plaintiff, that Elmer Cutler long since attained the age of his legal majority, and on September 4, 1931, and other dates named, made substantial payments on the principal and interest instalments due on said note and paid the taxes for 1931; that default was made in the payment of the instalment due May 1, 1934, and default was made in the payment of taxes and insurance; that the defendants, including Elmer Cutler, be decreed to pay said amount and in default thereof the mortgaged premises be sold. The decree ordered the sale of three-fourths of the real estate, and found that the interest of Elmer Cutler was not conveyed by said mortgage.

It is a settled rule that a decree must conform to the allegations in the pleadings as well as to the proof in the cause and the prayer of the bill, and relief must be granted on the theory of the complaint, or not at all. The relief granted by the decree did not correspond with the theory of the complaint nor with the allegations of the pleadings. *Stearns v. Glos,* 235 Ill. 290, 85 N. E. 335. The allegations in the complaint and proof that Elmer Cutler, after arriving at his legal majority, made substantial payments upon the instalments of principal and interest due were of no avail to the plaintiff as the complaint was not formulated on the theory of ratification, but upon the theory that the note and mortgage was binding upon Elmer Cutler, while the same under the law was voidable, and such defense could be made by Elmer Cutler in the suit to foreclose the mortgage or by an independent suit in equity. The fact that the note and mortgage are voidable as to Elmer Cutler would not relieve the other makers of the note and mortgage from their obligation to repay the money they borrowed from plaintiff.

The decree of the circuit court of Shelby county is reversed and the cause remanded for a new hearing.

*Reversed and remanded.*