**First Trust Joint Stock Land Bank of Chicago, Appellee, v. Luella Cutler et al., Appellants.**

**Gen. No. 9,199.**

Heard in this court at the October term, 1939. Opinion filed March 7, 1940.

SPRINGSTUN & SPRINGSTUN, of Pana, and BROWN, SPRINGSTUN, SLOAN & DONOVAN, of Detroit, Michigan, for appellants.

DOVE & DOVE, of Shelbyville, for appellee.

MR. PRESIDING JUSTICE RIESS delivered the opinion of the court.

The above cause comes before this court for the third time upon an appeal by the defendants from certain orders and decrees of the circuit court of Shelby county, in a real estate mortgage foreclosure proceeding wherein the First Trust Joint Stock Land Bank of Chicago is the plaintiff appellee and Elmer Cutler and others are defendants appellants.

In the first instance, all of the defendants named in the original complaint except Elmer Cutler sought to appeal from an order denying their motion in the nature of a demurrer to dismiss the complaint and ruling the defendants to answer thereto within 10 days, and a cross appeal was sought by the plaintiff from that portion of said order granting the motion as to the defendant Elmer Cutler. Both the appeal and cross appeal were dismissed by this court for reasons set forth in that opinion, which was reported as *First Trust Joint Stock Land Bank of Chicago v. Cutler,* 286 Ill. App. 6, 2 N. E. (2d) 758.

An amended complaint and amendments thereto were then filed in the trial court, to which defendants filed motions to dismiss, which were overruled and answers and amendments thereto were then filed by the defendants. The cause was duly heard and a decree of foreclosure and for sale of all interest of the defendants in the premises except that of Elmer Cutler was entered by the chancellor, subject to statutory right of redemption, from which decree an appeal and cross appeal was taken to this court wherein that decree was reversed and the cause remanded for reasons fully set forth in the latter opinion. (*First Trust Joint Stock Land Bank of Chicago v. Cutler,* 293 Ill. App. 354, 12 N. E. (2d) 705.)

A second amended complaint was then filed, motion of defendants to strike the same was denied and issues were joined by answers filed by certain of the defend-

ants and default entered as to the remainder. The cause was duly heard; a decree of foreclosure and for equitable relief was entered against all defendants; the mortgaged premises were sold subject to rights of redemption; certain rentals in the hands of the receiver theretofore duly appointed by the court, together with the amount of the purchaser's bid, was credited upon the mortgage indebtedness, and a deficiency decree for $1,300 was entered against said defendants. Motion to set aside all of said orders and decrees was denied. This appeal by the defendants then followed.

The opinion of this court upon the second appeal, *supra*, fully and substantially states the facts again set forth in the pleadings and sustained by the proofs herein, and the opinion of this court therein fully disposed of the principal contentions and reassignments of error argued by the defendant appellants upon this appeal. We adhere to that opinion and the holdings therein as applicable to and controlling under the same or similar assignments of error by the defendants upon this appeal.

In that opinion this court held that the notes and mortgage sued upon were jointly and severally valid and binding as against the defendants owning a life estate and an undivided three-fourths interest in fee simple in and to the premises described in the mortgage and that as to defendant Elmer Cutler who owned the remaining one-fourth interest in fee simple and was a minor when the note and mortgage were executed by Alvin R. Cutler as his guardian pursuant to an order of the county court of Shelby county, the same was not void but was voidable; that since the first amended complaint did not predicate the cause of action upon ratification of the transaction after said defendant had become of age, no different relief could be granted than that prayed for in the complaint.

The second amended complaint, however, specifically sets forth sufficient facts alleging such ratification and praying suitable relief against the defendant Elmer

Cutler. Specific findings of fact concerning such ratification were made by the trial court in its decree, which findings we deem to be in accord with the greater weight of the evidence, and we find and hold that the voidable note and real estate mortgage of the undivided one-fourth interest of said defendant was not voided but was fully and understandingly ratified and reaffirmed by the defendant Elmer Cutler after he attained the age of 21 years, and that the plaintiff appellee was entitled to the relief granted by the chancellor against all defendants in the court below.

While we have not discussed, we have fully considered all of the assignments of error set forth by the defendants and we find no reversible error in the record. The orders and decree of the circuit court of Shelby county from which this appeal was taken are therefore affirmed.

*Affirmed.*