In re APPLICATION OF COUNTY COLLECTOR.—(THE PEOPLE *ex rel.* COUNTY COLLECTOR OF WHITESIDE COUNTY, Applicant-Appellee, *v.* ARIZONA METRO CORP., Objector-Appellant.)

Third District   No. 77-141

Opinion filed October 17, 1977.

Karl Yost, of Morrison, for appellant.

Robert J. Renkes, State's Attorney, of Morrison, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a decision of the circuit court of Whiteside County sustaining a motion of the State's Attorney of said county to dismiss a taxpayer's objection to the County Collector's application for order of judgment and sale on personal property taxes paid under protest.

The factual situation which resulted in this appeal had its origin in the City of Fulton, Whiteside County, where certain property was located and for many years owned by the Smith Oil Company of Rockford. A portion of the property consisted of eight steel tanks having a combined capacity of 177,000 barrels of product which were used by Smith Oil Company for the storage of gasoline and fuel oil. In the fall of 1974 Smith Oil Company sold its property to Arizona Metro Corp. and in October of that year Smith Oil vacated the premises and removed all of its product from the storage tanks. Arizona Metro Corp. entered into possession of the premises it had purchased and executed a real estate mortgage of approximately $300,000 to the Merchants National Bank of Mobile, Alabama. At this time Arizona Metro Corp. did not have any products of any kind or nature in the storage tanks, nor were there any products in the tanks on April 1, 1975. That the tanks were entirely empty has been stipulated to by the parties to this action.

After April 1, 1975, the assessor for the Town of Fulton made up a return of personal property of a corporation based upon the 1974 return of Smith Oil Company. This return showed the same amount of products on hand and stored in the tanks as there had been in the year 1974. No personal inspection was ever made in order to ascertain what if anything was in the tanks.

On September 10, 1975, the Merchants Bank of Mobile filed suit to foreclose its mortgage and was subsequently placed in possession of the premises. On July 1, 1976, the property was sold to the Burlington River

Terminal of Burlington, Iowa. During the period of foreclosure there was no use made of the tanks and it is not questioned that no merchandise or product of any kind was stored in them.

In May of 1976 tax bills were issued by the county of Whiteside and a billing in the sum of $11,561.18 for personal property tax was sent to Arizona Metro Corp., however, this recipient did not pay the tax. The Merchants National Bank in order to consummate its sale to the Burlington River Terminal paid the tax under protest.

It is pertinent that we note that neither the taxpayer (the Merchants National Bank) or anyone else filed a complaint with the Board of Review of Whiteside County prior to August 1, 1975. It should further be noted that subsequent to April 1, 1975, a corporate personal property tax return was mailed to Arizona Metro Corp.; however, this return was never completed and returned to the assessor by Metro Corp. or anyone else purporting to be a taxpayer. On August 6, 1975, the supervisor of assessments for Whiteside County had published a list of personal property tax assessments in a local newspaper, the Fulton Journal, and this list contained the assessment against Arizona Metro Corp.

After the county collector made application for order of judgment and sale an objection was filed by the taxpayer, Merchants National Bank, on the ground that there was no product whatsoever in the tanks on April 1, 1975, and hence there could be no assessment. The State's Attorney of Whiteside County moved to dismiss the objection on the ground that the objecting taxpayer had failed to exhaust its administrative remedies as provided in section 108(4) of the Revenue Act of 1939 (Ill. Rev. Stat. 1975, ch. 120, par. 589(4)). The trial court allowed the motion and dismissed the taxpayer's objection to the personal property tax assessment.

The unique and sole issue presented for determination in this appeal is whether an assessment of personal property taxes on nonexistent personal property of a corporation is a valid assessment.

■■ In addressing ourselves to this issue we first reiterate that no one questions the fact that the assessment was made on nonexistent property. It was stipulated by all parties concerned that there was no product whatsoever, even in the most minute quantity, on April 1, 1975. Since the assessment was made on nonexistent property, was the taxpayer compelled to first seek relief pursuant to the provisions of section 108(4) of the Revenue Act of 1939 (Ill. Rev. Stat. 1975, ch. 120, par. 589(4)) in order to escape the payment of taxes on the nonexistent personal property? We believe not, for an examination of the statute in question discloses that its purpose is to provide relief from incorrect assessments of property. The statute is predicated upon the proposition that there is property *in esse*. The appellee county collector cites a number of cases for

the proposition that in order to obtain judicial relief from excessive valuation the taxpayer must fully exhaust his administrative remedy by first appealing to the board of review. No purpose would be served by making an in-depth examination of these cases. We can and do summarize them by noting that without exception they were all cases where property was in existence.

The appellant taxpayer argues that the assessment of taxes on nonexistent personal property is void because of inferred fraud in law. We reject this argument for again the cases cited to support it are all concerned with situations where there is in fact property to be assessed and taxed.

■■■ We do not believe that the law of our State is so entangled in a morass of legal technicalities that a taxpayer should be compelled to pay tax upon personal property which was nonexistent. In our opinion the assessment made on a product or products which clearly was not in the storage tanks in any quantity whatsoever constituted an assessment which was void *ab initio*. The assessment was a nullity, it was ineffectual, it had no legal force or binding effect. In short, the assessment was unable in law to support the purpose for which it was intended. (See *McGarry v. Village of Wilmette* (1922), 303 Ill. 147, 135 N.E. 96.) The assessment was void from the beginning and hence the relief sought by the appellant taxpayer should have been granted by the trial court.

For the reasons stated the decision of the trial court sustaining the appellee's motion to dismiss is accordingly reversed and this cause is remanded with directions that an order be entered for the refund of taxes and penalties paid as the result of a void assessment.

Reversed and remanded with directions.

BARRY, P. J., and STOUDER, J., concur.